# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARCY ARLENE RODWELL,

        Defendant-Appellant.

UNPUBLISHED
January 20, 2015

No. 318386
Eaton Circuit Court
LC No. 12-020356-FH

Before: SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of three counts of second-degree home invasion, MCL 750.110a(3). She was sentenced as a fourth habitual offender, MCL 769.12, to terms of imprisonment of 72 to 300 months. Defendant appeals by right and we affirm.

Defendant was charged with stealing prescription medicine, clothes, jewelry, and other personal items from three different tenants of the Riverview Village Apartment Complex while employed as a resident manager. The apartments in question were leased by Cara and Derek Lawrence, Kayla Ryan, and Lacinda Eager. On appeal, defendant argues that the prosecution failed to present sufficient evidence to allow a reasonable jury to convict her of home invasion with regard to the Ryan and Eager apartments.

When determining whether a defendant's conviction is supported by sufficient evidence,[1] we must ask whether a "rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). All evidence should be viewed in a light most favorable to the prosecution. *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999). Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime, including the defendant's state of mind, knowledge, or intent. *People v Kanaan*, 278 Mich App 594, 622-623; 751 NW2d 57 (2008); see also *Carines*, 460 Mich at 757.

---

[1] Whether a defendant's conviction was supported by sufficient evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010).

In order to convict defendant of second-degree home invasion under MCL 750.110a(3), the prosecution had to establish that defendant (1) entered a dwelling, (2) without permission, and (3) with intent to commit larceny. Further, "it is well settled that identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Defendant concedes that the crimes occurred, but argues that the prosecution failed to establish that she was the individual who committed the home invasion of the Ryan and Eager apartments. We disagree.

## I. RYAN APARTMENT

On July 3, 2012, Lance Webb, Ryan's fiancée, stopped by her apartment to drop off some baskets of laundry. He testified that, as he walked up to the door, he saw defendant exiting Ryan's apartment. He stated that defendant seemed startled to see him and claimed that she had entered the apartment because she thought someone inside was sick. This claim was belied by Ryan's testimony, who stated that there was no one in the apartment at the time, and there is no indication in the record that Ryan, or anyone else who lived in or frequently visited the apartment, was sick during this time period. Ryan also testified that she had no maintenance requests pending on that date; if she had, apartment staff could have entered the apartment to perform the requested repairs. When Webb told Ryan of the incident, she confronted defendant, who again offered the same explanation. Ryan testified that she had previously noticed several items missing from her apartment, including bottles of perfume and lotion, and opined that no one else could have taken the bottles because the only people with access to her apartment were her small children and her niece. After confronting defendant, Ryan returned to her apartment to inspect for any missing property. She checked her jewelry box, where she had previously found the perfume and lotion missing; inside, she found that a diamond ring and a gold necklace with three diamond stones were missing. Several DVDs were also missing from the apartment.

This evidence was sufficient to allow the jury to reasonably conclude that defendant was the individual that committed the home invasion. Webb witnessed defendant exiting Ryan's apartment and shortly thereafter Ryan found her belongings missing. Defendant had no reason to be in Ryan's apartment, because it was empty at the time (belying defendant's claim that she believed someone was sick inside) and Ryan had no pending maintenance requests. To the extent defendant offered testimony on her own behalf, from herself and others, the jury was free to disbelieve this testimony, and "we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Accordingly, we conclude that this evidence, and the reasonable inferences drawn therefrom, was sufficient to allow the jury to conclude that defendant committed the second-degree home invasion of Ryan's apartment.

## II. EAGER APARTMENT

Jill Smith, another resident of Riverview Village Apartments, testified that in the summer of 2012, she was walking her dog when she witnessed defendant exiting building 621, where Eager's apartment was located. Smith saw defendant carrying a bunch of clothes on hangers slung over her shoulder. Smith saw defendant carry the clothes to defendant's own apartment and enter through a sliding glass door. Smith testified that she was suspicious of defendant and, when she questioned defendant about the incident three days later, defendant responded that

someone had given her the clothes.  When Smith learned that Eager was missing clothes from her apartment, she told Eager what she had seen.  Eager testified that during that summer, she had been staying with her mother due to her recent surgery and stated that, in July 2012, she noticed several items missing from her apartment.  These included 200 tablets of prescription medicine, jewelry, several DVDs, as well as several new outfits from her closet, all of which had been on hangers.  Near the end of July, Eager saw defendant wearing one of her missing shirts.

This evidence was sufficient to allow the jury to conclude that defendant committed the home invasion of Eager's apartment.  Smith testified that she witnessed defendant walking from the building containing Eager's apartment carrying clothes.  Eager testified that she later saw defendant wearing one of the stolen shirts.  This evidence, and the reasonable inferences drawn therefrom, sufficiently supports the jury's conclusion that defendant committed this home invasion.  Again, to the extent defendant offered conflicting testimony, the jury was free to disbelieve it and give it little weight in comparison to the testimony of Smith and Eager.  *Unger*, 278 Mich App at 222.  Accordingly, we conclude that the prosecution presented sufficient evidence to allow the jury to convict defendant of the second-degree home invasion of Eager's apartment.[2]

Affirmed.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause

---

[2] Defendant also argues that she would be entitled to resentencing if we were to reverse the two challenged second-degree home invasion convictions.  Because we find that those convictions were supported by sufficient evidence, we need not address this argument.